UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

CENTER FOR BIO-ETHICAL REFORM, INC.;
GREGG CUNNINGHAM; DARIUS HARDWICK;
CHRISTIAN ANDZEL; MATTHEW RAMSEY; and
UB STUDENTS FOR LIFE,

                            Plaintiffs,

        -against-

DENNIS R. BLACK, in his official capacity as
Vice President for University Life & Services,
State University of New York at Buffalo ("SUNY-Buffalo");
BARBARA J. RICOTTA, in her official capacity as
Associate Vice President for Student Affairs,
SUNY-Buffalo; THOMAS TIBERI, individually and
in his official capacity as Director of Student Life,
SUNY-Buffalo; and GERALD W. SCHOENLE, JR.,
individually and in his official capacity as Chief of Police,
University Police, SUNY-Buffalo,

                            Defendants.

**STIPULATION OF SETTLEMENT AND DISCONTINUANCE PURSUANT TO RULE 41(A)**

**Civil Action No. 13-cv-00581-RJA**

───────────────────────────────────────────────

      WHEREAS, the parties hereto have agreed to settle this action pursuant to the provisions of Rule 41(a) of the Federal Rules of Civil Procedure; and

      WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the above-entitled action and the same hereby is discontinued on the merits, with prejudice, without costs to either party as against the other; and

      WHEREAS, the State University of New York, as the Agency having supervision of Dennis R. Black, Barbara J. Ricotta, Gerald W. Schoenle, and Thomas R. Tiberi, alleged to have caused the injuries herein, have approved the settlement of this action under the terms and conditions set forth below; and

WHEREAS, defendants Dennis R. Black, Barbara J. Ricotta, Gerald W. Schoenle, and Thomas R. Tiberi do not admit any wrongdoing but approve settlement for the convenience of all interested parties; and

WHEREAS, the parties hereto have entered into this Stipulation of Settlement and Discontinuance, in connection with the settlement of this action; and

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all of the parties in the above-entitled action as follows:

1. That no person not a party has an interest in the subject matter, the above-entitled action be, and the same hereby is, settled upon payment by the State of New York of the sum of Thirty-Thousand Dollars ($30,000) as attorneys' fees, discontinued with prejudice as to defendants Dennis R. Black, Barbara J. Ricotta, Gerald W. Schoenle, and Thomas R. Tiberi. Payment shall be made by check payable to the order of the plaintiffs' attorney, American Freedom Law Center, in the sum of Thirty-Thousand Dollars ($30,000) as attorneys' fees, and sent to the plaintiffs' attorney, Robert Joseph Muise, at American Freedom Law Center, P.O. Box 131098, Ann Arbor, MI 48113.

2. That the State University of New York agrees that it will not engage in discriminatory enforcement of its regulations against Center for Bio-Ethical Reform, Inc., and UB Students For Life, and that it will take all reasonable measures to enforce its policies against deliberately disrupting or preventing the freedom of any person to express his or her views.

3. In consideration of the payment of the sum set forth in paragraph 1, the plaintiffs hereby release the defendants and any and all current or former employees of the State University of New York, in their individual and official capacities, and their heirs, executors,

administrators and assigns and the State of New York and the State University of New York, from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the complaint in the above-entitled action, including but not limited to claims relating to or arising out of any alleged violation of plaintiff's constitutional rights, and all other causes of action and claims of liability.

4. The defendants do hereby release the plaintiffs and their heirs, executors, administrators and assigns from any and all claims, liabilities and causes of action arising out of the circumstances set forth in the complaint in the above-entitled action.

5. In further consideration of the payment of the sum set forth in paragraph 1, plaintiffs hereby waive, release and forever discharge defendants and any and all current or former employees of the State University of New York, in their individual and official capacities, and their heirs, executors, administrators and assigns and the State of New York and the State University of New York from any and all claims, known or unknown, arising out of the plaintiffs' Medicare eligibility for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including cases of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007. However, the plaintiffs have not claimed any physical injuries as a result of defendants' actions.

6. That payment of the sum set forth in paragraph 1 is subject to the approvals of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17. Plaintiffs and plaintiffs' counsel agree to execute and deliver to counsel for defendants all legally necessary or reasonably appropriate vouchers and other documents requested with respect to such payment.

7. That payment of the amounts referenced in paragraph 1 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court and receipt by defendants' counsel of a copy of the so-ordered stipulation along with any further documentation as required under paragraphs 12 and 13 hereof, unless the provisions of Executive Law § 632-a apply to the plaintiffs and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred and twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. That in the event that the aforementioned approvals in paragraph 6 of all appropriate State officials in accordance with the provisions for indemnification under Public Officers Law Section 17 are satisfied, but payment is not made within the 120 day or 150 day period set forth herein, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the 151st day after court approval if the provisions of Executive Law § 632-a apply to plaintiffs.

9. That aside from the payment set forth in paragraph 1, each party shall bear its own costs and fees relating to this proceeding and the costs and fees shall be hereby waived by the parties against each other.

10. That nothing contained herein shall constitute an admission by defendants Dennis R. Black, Barbara J. Ricotta, Gerald W. Schoenle, and Thomas R. Tiberi, individually or in their official capacity, that deprived the plaintiffs, Center for Bio-Ethical Reform, Inc., Gregg Cunningham, Darius Hardwick, Christian Andzel, Matthew Ramsey, and UB Students For Life, of any right, or of failing to perform any duty under the Constitutions, Statues, Rules, Regulations or other laws of the United States or the State of New York.

11. That nothing contained herein shall constitute an admission by plaintiffs Center for Bio-Ethical Reform, Inc., Gregg Cunningham, Darius Hardwick, Christian Andzel, Matthew Ramsey, and UB Students For Life that defendants Dennis R. Black, Barbara J. Ricotta, Gerald W. Schoenle, and Thomas R. Tiberi, individually or in their official capacity, did not deprive plaintiffs of their rights and privileges under the Constitutions, Statutes, Rules, Regulations, and other laws of the United States or the State of New York.

12. That this Stipulation of Settlement and Discontinuance and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation of Settlement and Discontinuance.

13. Since no payments are being made to any plaintiff there is no need for the attorney for the plaintiffs to release and waive any lien for services upon the above-named plaintiffs' causes of action, claim, verdict, report, judgment, determination, or settlement in favor of said plaintiffs which I or my law firm may have thereon under and by virtue of Section 475 of the Judiciary Law or otherwise.

14. I, the attorney for the plaintiffs, do further represent that there are no other attorneys having a lien for services rendered to plaintiffs pursuant to the provisions of Section 475 of the Judiciary Law or otherwise.

15. Plaintiffs represent and warrant that they are not a Medicare recipient, have never been on Medicare or on Social Security Disability, that no conditional payments have been made by Medicare and that they do not expect to be a Medicare recipient within the next 30 months.

16. That plaintiffs agree, represent, and warrant that the defendants Dennis R. Black, Barbara J. Ricotta, Gerald W. Schoenle, and Thomas R. Tiberi, the State University of New

York, and the State of New York shall not be responsible for any liens of any kind which may have attached to the proceeds from this settlement.

17. In confirmation of the agreement herein and on behalf of the respective clients, the undersigned attorneys for the parties to this action set their signatures below.

Dated:  Ann Arbor, Michigan
        June 2, 2017

                  American Freedom Law Center
                  *Attorneys for the Plaintiffs*
                  Office and P.O. Address
                  P.O. Box 131098
                  Ann Arbor, MI 48113
                  734-635-3756
                  rmuise@americanfreedomlawcenter.org

                  By:   /s/ Robert Joseph Muise
                          Robert Joseph Muise, Esq.

Dated:  Buffalo, New York
        June _2_, 2017

                  ERIC T. SCHNEIDERMAN
                  Attorney General of the State of New York
                  *Attorney for Defendants*
                  BY:

                  /s/ George Michael Zimmermann
                  George Michael Zimmermann, Esq.
                  Assistant Attorney General of Counsel
                  Main Place Tower, Suite 300A
                  350 Main Street
                  Buffalo, NY 14202
                  (716) 853-8444
                  George.Zimmermann@ag.ny.gov

Dated:

SO ORDERED:  _____
                  Hon. Richard J. Arcara
                  United States District Court Judge